| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Wells Fargo Bank, N.A. as Trustee for the MASTR Asset Backed Securities Trust 2007- NCW Mortgage Pass-Through Certificates Series 2007-NCW | Order Filed on April 2, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Joseph J. Devona, Stephanie Devona,<br><br>Debtors. | Case No.: 19-11770 MBK<br>Adv. No.:<br>Hearing Date: 4/9/19 @10:00 a.m.<br><br>Judge: Michael B. Kaplin |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: April 2, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor:     Joseph J. Devona, Stephanie Devona
Case No.:   19-11770 MBK
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Wells Fargo Bank, N.A. as Trustee for the MASTR Asset Backed Securities Trust 2007- NCW Mortgage Pass-Through Certificates Series 2007-NCW, holder of a mortgage on real property located at 2 Bobwhite Court, Forked River, NJ 08731-3619, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Daniel E. Straffi, Esquire, attorney for Debtors, Joseph J. Devona and Stephanie Devona, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtors shall obtain a loan modification by May 13, 2019, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtors are to make regular post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's claim while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtors shall modify the plan to otherwise address Secured Creditor's claim.

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.